UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNITA COWELL,

        Plaintiff,

v.

AMERICAN RED CROSS GENESEE-LAPEER
CHAPTER, AMERICAN RED CROSS GREAT
LAKES REGION, CHELEANE CLERKLEY,
CATRICE HUMPHREY and SHERRY RIOS,

        Defendants.

Case No. 12-15258
Honorable Julian Abele Cook, Jr.

ORDER

In this employment discrimination case, the Plaintiff, Annita Cowell, complains that the Defendants, the American Red Cross Genesee-Lapeer Chapter ("Chapter"), the American Red Cross Great Lakes Blood Service Region ("Region"),[1] along with fellow employees, Cheleane Clerkley, Catrice Humphrey, and Sherry Rios, acted to her detriment when they collectively violated the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws 37.2201, 37.2202, and 37.2701, and the Michigan Whistleblowers' Protection Act, Mich. Comp. Laws 15.362.

Although this lawsuit was initially filed in a state court (i.e., Genesee County Circuit Court of Michigan), the Defendants caused it to be removed to this Court on November 29, 2012 pursuant to 36 U.S.C. § 300105.  Currently pending before the Court are (1) Cowell's motion to remand, and

---

[1] The American Red Cross, Great Lakes Blood Services Region has been improperly sued under the name of American Red Cross Great Lakes Region.

(2) the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

I.

The facts, as viewed from Cowell's perspective, are as follows: She began her employment with the Red Cross[2] in September 2009. It is Cowell's basic contention that she was repeatedly subjected to insulting, embarrassing, and derogatory comments thereafter by fellow-workers about her excessive weight. According to Cowell, she was also treated differently than her fellow-workers who were similarly situated. More specifically, Cowell complains that she was (1) not given an opportunity to acquire additional training for comparable new work assignments, (2) not recalled from her layoff status, and (3) unfairly disciplined. Furthermore, Cowell maintains that, although her management supervisors were fully aware of the extremely uncomfortable circumstances to which she had been subjected, they did not promptly attempt to rectify the situation. After Cowell complained to them about these uninvited acts of discrimination, her employer responded by terminating her employment in late August of 2012.

II.

The Defendants removed the case to this Court on the basis of the Congressional Charter of the American National Red Cross ("Charter"), 36 U.S.C. § 300105, which grants original jurisdiction in every federal court for any action that this organization is defending. Cowell has now moved for an order of remand to a state court, contending that the Charter does not grant original federal jurisdiction.

The Charter states in relevant part that "[t]he [Red Cross] may sue and be sued in courts of

---

[2]Cowell has not specified whether she was employed by the American Red Cross, Great Lakes Blood Services Region, or the American Red Cross Genesee-Lapeer Chapter during any of the times that are referenced in her complaint.

law and equity, State or Federal." 36 U.S.C. § 300105. The meaning of this phrase was clarified by the Supreme Court in *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 257 (1992), wherein it held that the "sue and be sued" provision within this document "extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction." The plain language of this holding clearly demonstrates that the Charter grants original federal jurisdiction to the Red Cross. This interpretation has been recognized by multiple courts of appeal. *See, e.g. Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 329 (5th Cir. 1994) ("The case was removed to federal court pursuant to the grant of federal jurisdiction conferred by the Red Cross' federal charter, 36 U.S.C. § 2") (citation omitted); *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993) ("The [Supreme Court gave] a *specific* and unequivocal direction that the Red Cross is 'thereby authorized to removal from state to federal court of any state-law action it is defending.'") (citation omitted) (emphasis in original); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 483 n.1 (4th Cir. 1992).

Cowell submits that *S.G.* is distinguishable because jurisdiction had been created independently of the Charter by virtue of the diversity of the parties, whereas here, the parties are not completely diverse. This argument is not persuasive. In *S.G.*, the Supreme Court held that jurisdiction rested specifically on the "sue and be sued" clause, and not because of the citizenship of the parties. 505 U.S. at 254. Furthermore, she contends that federal jurisdiction is lacking in this case because a plaintiff's selection of a state court forum should be given deference. However, this argument ignores the fact that 28 U.S.C. § 1441 permits a defendant to remove a case from state court whenever federal courts have original jurisdiction. By enacting this removal statute, Congress decided that in certain situations - including this one - a plaintiff's choice of forum is not entitled to deference. For these reasons, Cowell's motion to remand is denied.

The Defendants seek an award of attorney fees that they incurred as a result of the need to respond to Cowell's motion to remand, contending that this pleading is an example of "bad faith, vexatious conduct, and/or wantonly reckless and ignorant practice." (Def. Resp. 5). The Supreme Court has determined that a court may indeed exercise its inherent authority to impose attorney fees where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991). For example, sanctions are appropriate if "a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled" or in cases where "a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46 (internal quotation marks and citations omitted). However, in this case, the Defendants have not shown that such sanctions are warranted. Although it is now well-established that the "sue and be sued" provision within the Charter permits the removal of an action such as this, the evidence in this record does not suggest that Cowell filed her motion in bad faith or with the intent of disrupting the litigation. *See id*. Thus, the Defendants' request for attorney fees for responding to the motion for remand is denied.

### III.

Having determined that jurisdiction is proper, the Court now turns to the Defendants' motion to dismiss. When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the Plaintiff's well-pleaded allegations as being true and construes each of them in a light that is most favorable to its position in this case. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the Plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint,

which is the object of the currently pending motion to dismiss, "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the . . . complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985

F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).                                    IV.

Cowell alleges that she (1) was terminated in violation of the Michigan Whistleblower Protection Act, and (2) suffered from weight discrimination, weight harassment, and retaliation under the Michigan Elliott-Larsen Civil Rights Act. The Defendants have moved to dismiss these claims because, in their collective point of view, the complaint does not (1) allege a sufficient factual basis upon which to state a plausible claim or (2) make any significant distinction between the five Defendants.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading "must contain a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "It is significant that Rule 8(a)(2) requires a 'showing' of entitlement to relief, rather than merely a 'blanket assertion.' *Langford v. Caruso*, 11-CV-10219, 2011 WL 3348060 *2 (E.D. Mich. Aug. 3, 2011) (citing *Twombly*, 550 U.S. at 556). The statement required by this Rule 8 must not only give the Defendants fair notice of the claims but also of "the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v.*

6

*Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

As an initial matter, all claims against the named Red Cross Chapter and the Region will be dismissed. The only factual allegation in the complaint which purports to link these entities to the violations alleged in the complaint is that Cowell was employed by the "Defendant Corporation." This use of the singular "Defendant" ignores the obvious; namely, that two corporations have been named as Defendants in this matter. Cowell does not specify (1) which of the two corporate Defendants was her employer during those times that are relevant to this litigation or (2) her theory of liability against the "other" corporate entity. In order to state a plausible claim against these Defendants, she must allege sufficient facts to establish that each of them is individually responsible for the alleged violations.

In addition, Count I is dismissed against all Defendants. In order to establish a claim under Section 2 of the Michigan Whistleblower's Protection Act ("WPA"), Mich. Comp. Laws § 15.362, a plaintiff must show that she (1) was engaged in a protected activity during those times that have been referenced in the complaint, (2) was subjected to the claimed act of discrimination or discharge, and (3) the protected activity caused the discharge or adverse employment action. *Whitman v. City of Burton*, 831 N.W.2d 223, 229 (Mich. 2013). Cowell does not identify suspected illegal acts about which she complains with any reasonable clarity. In their current form, Cowell's complaints constitute a "formulaic recitation of the elements of [the] cause of action," and are "legal conclusion[s] couched as a factual allegation." *Twombly*, 550 U.S. at 556. She must plead sufficient facts to allow the Court to draw a reasonable inference that the Defendants are liable for the alleged statutory violation. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

The remaining claims suffer from the same lack of specificity as to which Defendants are

alleged to have committed the acts at issue. *See, e.g.*, *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (dismissing claims in part for failing "to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions"). Cowell uses the generic term "Defendant" throughout the report without differentiating among the various tortfeasors. In some instances, Cowell appears to refer to one or both corporate Defendants (e.g., "Defendants' employees," Compl. ¶ 30; "Defendant's management employees," Compl. ¶ 45). In some instances, she refers to some or all of the individual Defendants (e.g., "Plaintiff complained to Defendants," Compl. ¶ 31), and in some other instances, she appears to refer to both the corporate and individual Defendants (e.g., "Based on Defendants' wrongful acts," Compl. ¶ 46). The Defendants are not required to guess as to whom Cowell's allegations are made. A second example of the complaint's lack of clarity is found in Paragraph 28, which states that Cowell was subjected to "hostile and demeaning comments and confrontations" by "her supervisor." Yet, according to Cowell, she had multiple supervisors, including Humphrey and Rios. (Compl. ¶ ¶ 16, 17). Again, it is impossible to determine from this sentence which Defendant is alleged to have committed these acts of discrimination.

For the reasons stated, Cowell's complaint will be dismissed without prejudice.

V.

The Defendants request attorney fees pursuant to Local Rule 7.1(a)(3), which states that the Court may tax costs for the unreasonable withholding of consent. E.D. Mich. L.R. 7.1(a)(3). Prior to the filing of the motion to dismiss, the Defendants had asked Cowell to clarify the allegations within her complaint by providing them with additional factual support. This request was denied.

On the one hand, the Defendants requested that Cowell provide some factual allegations to support her claim of a violation of the Michigan Whistleblower's Protection Act and to differentiate among the Defendants, which would have addressed the deficiencies within the complaint and obviated the need for this motion. The Defendants also requested Cowell to provide them with specific dates for the alleged adverse actions in order to determine whether a statute of limitations issue exists. (*See* Pl. Resp. Ex. 2). It is not clear to this Court that such detailed factual allegations are necessary. Certainly, a plaintiff is not required to plead the lack of a limitations violation in order to state a valid claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (motion under 12(b)(6) generally inappropriate vehicle for dismissing claim based on statute of limitations). Thus, it appears that the Defendants requested detailed factual information which Cowell is not obligated to allege in her complaint, and her refusal was therefore partially justified. While the Court has determined that the complaint lacks the particularity required by the Federal Rules of Civil Procedure, it will not, in its discretion, tax costs for the withholding of consent. Thus, the Defendants' request for costs pursuant to Local Rule 7.1(a)(3) is denied.

## VI.

For the reasons that have been set forth above, the Court denies Cowells' motion for remand (ECF No. 12) and grants the Defendants' motion to dismiss (ECF No. 6).

IT IS SO ORDERED.

Date: September25, 2013                     s/Julian Abele Cook, Jr.
                                            JULIAN ABELE COOK, JR.
                                            U.S. District Judge

9

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2013.

s/ Kay Doaks
Case Manager
